## THOMAS MEDLEY & CO. *v.* JNO. J. HUGHES.

Where, by the fault of the shipper, there was no bill of lading on board the vessel, so that the ship's agent did not know to whom to deliver the goods, and notice was published in a newspaper (taken by plaintiffs) that the ship was discharging, and subsequently the goods were stored with the ship's agent, where they were destroyed by fire, the ship will not be responsible.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.

*L. Pierce*, for plaintiffs and appellants. *Goold* and *Howard*, for defendant.

BUCHANAN, J. This is a suit upon a contract of affreightment for non-delivery of goods shipped per bark Catharine, from Philadelphia to New Orleans. The proof is that the goods were put on board of the vessel, but the bills of lading were only sent down by the shipper to be signed two days afterwards, at which time the vessel had sailed. The bills of lading were signed by the house which was the agent of the ship for procuring freight. Owing to this circumstance, the bark Catharine had no bill of lading on board for these goods, and her commander and agents in New Orleans were not aware that there were goods on board consigned to plaintiffs. *Mr. Fosdick*, the agent, proves that had he known this fact, he would have sent the goods from the vessel to plaintiff's store. As it was, notice was given to consignees by advertisement in the Commercial Bulletin (a newspaper taken by plaintiffs) that the ship was discharging. After this notice, the goods were discharged upon the levee, where they remained until the next day, when they were carted to the store of the agent of the ship. The night afterwards a fire broke out in the neighborhood, which spread to the store in question, and consumed it with its contents, including the goods of plaintiff.

MEDLEY
*v.*
· HUGHES.

We think the ship is not responsible for the loss. Everything was done that was practicable under the circumstances to fulfill the carrier's obligations.

This case is distinguished from that of *Kohn & Bordier* v. *Packard*, 3 L. R. 227, in this, that it is proved plaintiffs' took the newspaper in which the notice to consignees per this ship, to· attend and receive their goods, was published. The want of a bill of lading on board the vessel was the fault of the shipper of the goods. The ship's agent acted properly in storing the goods after remaining on the levee a reasonable time without being called for by the consignees. And the destruction of the goods by fire was an accidental and uncontrollable event, for which the carrier is not responsible. C. C. 2725.

It is therefore adjudged and decreed, that the judgment of the District Court be affirmed, with costs.